## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

Livingston Parish School Board,

            Plaintiff,

    v.

Meta Platforms, Inc., Instagram, LLC, ByteDance, Inc., TikTok, Inc., Charter Communications, Inc., Charter Communications, LLC, Cox Communications, Inc., and Cox Communications Louisiana, LLC

            Defendants.

CIVIL ACTION No.
_____

(Removal from: Twenty-First Judicial District Court for the Parish of Livingston, No. 178860 C)

JUDGE:

MAG. JUDGE:

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Meta Platforms, Inc., Instagram, LLC, Charter Communications, Inc., Charter Communications, LLC, Cox Communications, Inc., and Cox Communications Louisiana, LLC, ByteDance Inc., and TikTok Inc. (collectively, "Defendants") hereby remove the above-captioned action from the Twenty-First Judicial District Court for the Parish of Livingston, Louisiana, to the United States District Court for the Middle District of Louisiana. As grounds for removal, Defendants state:

## I.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

1.    On July 18, 2023, the Livingston Parish School Board ("Plaintiff") filed *Livingston Parish School Board vs. Meta Platforms, Inc., et al.*, in the Twenty-First Judicial District Court for the Parish of Livingston. The court assigned this action Case No. 178860 C.

2.    Plaintiff alleges it is a school district located in Livingston Parish, Louisiana.  Pet. ¶ 16.

3.    Plaintiff names three groups of defendants: "Instagram Defendants," which consists of Meta Platforms, Inc. and Instagram, LLC; "TikTok Defendants," which consists of ByteDance Inc. and TikTok Inc.; and "ISP Defendants," which consists of Charter Communications, Inc., Charter Communications, LLC, Cox Communications, Inc., and Cox Communications Louisiana, LLC. Pet. ¶¶ 17–22.

4.    Plaintiff alleges the following causes of action: Fault against the Instagram and TikTok Defendants, violation of Louisiana's Unfair Trade Practices and Consumer Protection Law against the Instagram and TikTok Defendants, violation of Louisiana Products Liability Act against the Instagram and TikTok Defendants, Fault against the ISP Defendants, and equitable estoppel against all Defendants. Pet. ¶¶ 189–270.

5.    This action is one of several lawsuits filed against Instagram and TikTok Defendants by various school districts related to alleged harms to students stemming from use of Instagram and TikTok Defendants' communications services.[1] Those lawsuits filed in federal court have been centralized in a multi-district litigation. *See In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 (N.D. Cal.). None of the ISP Defendants have been named as defendants in any case related to the aforementioned multi-district litigation.

6.    Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and, based on the allegations in the complaint and the prayer for

---

[1] *See, e.g., Seattle School District No. 1 v. Meta Platforms, Inc., et al.*, No. 4:23-cv-00987 (N.D. Cal.); *Kent School District No. 415 v. Meta Platforms, Inc., et al.*, No. 4:23-cv-00988 (N.D. Cal.); *Mesa Public Schools v. Meta Platforms, Inc., et al.*, No. 4:23-cv-00904 (N.D. Cal.); *School District of the Chathams v. Meta Platforms, Inc., et al.*, No. 4:23-cv-01466 (N.D. Cal.); *Irvington Public Schools v. Meta Platforms, Inc., et al.*; No. 4:23-cv-01467 (N.D. Cal.); *Broward County School Board v. Meta Platforms, Inc., et al.*; No. 4:23-cv-01061 (N.D. Cal.); *San Mateo County Board of Education v. Meta Platforms, Inc., et al.*; No. 4:23-cv-01108 (N.D. Cal.).

relief, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; Pet. ¶ 187 (identifying annual damages of more than $900,000). Accordingly, all requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

7.      In accordance with 28 U.S.C. § 1446(a), copies of the docket sheet and a copy of all process, pleadings, and orders served upon Meta in the state court action are attached as **Exhibit A**.

### A.      There is Complete Diversity of Citizenship

8.      Plaintiff and Defendants are "citizens of different states." 28 U.S.C. § 1332(a).

9.      For diversity purposes, "a political subdivision of a State . . . is a citizen of the State." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Plaintiff, as a local school district in Louisiana, thus is a citizen of Louisiana. *See* La. Stat. Ann. § 13:5102 ("'[P]olitical subdivision' means: (1) Any . . . school board."); *Great Am. Ins. Co. of New York v. Jackson Cnty. Sch. Dist. No. 9*, 478 F. Supp. 2d 1227, 1231 (D. Or. 2007) (holding that a school district is a citizen of the state in which it is located for purposes of diversity); *East Baton Rouge Parish School Bd. v. Wells*, 2011 WL 3444321, at *3 (M.D. La. June 30, 2011) (noting that a Louisiana school board is "a citizen separate from the [S]tate itself for purposes of diversity jurisdiction").

10.      Defendant Meta Platforms, Inc. is incorporated in Delaware and has its principal place of business "in Menlo Park, California." Pet. ¶ 17. Meta Platforms, Inc. thus is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

11.      Defendant Instagram, LLC is a limited liability company whose sole member is Meta Platforms, Inc. Pet. ¶ 18. As a result, Defendant Instagram, LLC is also a citizen of Delaware

and California. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

12.    Defendant TikTok Inc. is a California corporation with its principal place of business "in Culver City, California." Pet. ¶ 20. Thus, TikTok Inc. is a citizen of California. 28 U.S.C. § 1332(c)(1).

13.    Defendant ByteDance Inc. is a Delaware corporation with its principal place of business "in Mountain View, California." Pet. ¶ 19. Thus, ByteDance Inc. is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1).

14.    Defendant Charter Communications, Inc. is a Delaware corporation with its principal place of business "in Stamford, Connecticut." Pet. ¶ 21. Thus, Charter Communications, Inc. is a citizen of Delaware and Connecticut. 28 U.S.C. § 1332(c)(1).

15.    Defendant Charter Communications, LLC is a limited liability company. "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. Based on the information provided below, Charter Communications, LLC is a citizen of Delaware, Connecticut, and New York for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Plaintiff's conclusory allegation that Charter Communications, LLC is "domiciled in Louisiana," Pet. ¶ 21, carries no weight. *See Harvey*, 542 F.3d at 1080 (explaining that an LLC's state of organization and principal place of business are irrelevant because an "LLC should not be treated as a corporation for purposes of diversity jurisdiction").

16.    The sole member of Charter Communications, LLC is Charter Communications Operating, LLC, whose sole member is CCO Holdings, LLC, whose sole member is CCH I Holdings, LLC, whose sole member is CCHC, LLC, whose sole member is Charter Communications Holdings Company, LLC, whose sole member is Spectrum Management

Holding Company, LLC, whose sole member is Charter Communications Holdings, LLC. Charter Communications Holdings LLC has four members. Three of those members—CCH II, LLC, Insight Blocker LLC, and CCH Holding Company, LLC—are limited liability companies each of whose sole member is Charter Communications, Inc. As noted above, Charter Communications, Inc. is a Delaware corporation with its principal place of business in Connecticut. Pet. ¶ 21.

17.    The fourth member of Charter Communications Holdings LLC is Advance/Newhouse Partnership. On information and belief, Advance/Newhouse Partnership is a New York General Partnership with its principal place of business in New York.[2] The citizenship of a general partnership is determined by the citizenship of each of the partners. *Carden v. Arkoma Associates*, 494 U.S. 195, 195–96 (1990). Advance/Newhouse Partnership has two partners: (1) A/NPC Holdings LLC, and (2) A/NP Holdings Sub LLC. The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC. On information and belief, A/NPC Holdings LLC has two members: (1) Newhouse Cable Holdings LLC and (2) Advance Communications Company LLC. The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York. The sole member of Advance Communications Company LLC is Advance Local Holdings Corp., a Delaware corporation with its principal place of business in New York.

18.    Therefore, Charter Communications, LLC is a citizen of Delaware, Connecticut, and New York for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

---

[2] The ultimate corporate parent of Advance/Newhouse Partnership is not a subsidiary of Charter Communications, Inc.; nonetheless Defendants have diligently investigated its citizenship and therefore "may affirmatively state the citizenship of [the] partnership upon 'information and belief.'" *Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021) (collecting cases); see also *Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 28402, at *2 (5th Cir. 2000) (table decision) ("[U]nrebutted allegations of citizenship in a removal petition based on information and belief [are] sufficient to satisfy the removal statute.").

19.    Defendant Cox Communications, Inc. is a Delaware corporation with its principal place of business "in Atlanta, Georgia." Pet. ¶ 22.  Thus, Cox Communications, Inc. is a citizen of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

20.    Defendant Cox Communications Louisiana, LLC is a limited liability company with CoxCom LLC as its sole member.  CoxCom LLC is a limited liability company with Cox Communications, Inc. as its sole member, which is a Delaware corporation with its principal place of business in Georgia.  Thus, Cox Communications Louisiana, LLC is a citizen of Delaware and Georgia.  *Harvey*, 542 F.3d at 1080.  Plaintiff's conclusory allegation that Cox Communications Louisiana, LLC is "domiciled in Louisiana," Pet. ¶ 22, carries no weight.  *Harvey*, 542 F.3d at 1080.

21.    Collectively, Defendants are citizens of Delaware, California, Connecticut, Georgia, and New York.  In contrast, Plaintiff is a citizen of Louisiana.  Therefore, at the time the complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Defendants.  *See* 28 U.S.C. § 1332(a).

**B.    The Amount in Controversy Exceeds $75,000.**

22.    To satisfy the amount-in-controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

23.    Here, Plaintiff alleges that it "consistently diverts resources from its core educational mission to address disciplinary and mental health issues caused by Defendants," and

that this "time spent addressing social media and technology issues translat[es] to an exorbitant annual cost of $939,104.64 to the Plaintiff." Pet. ¶ 187.

24.    Although Defendants deny that they are liable to Plaintiff for any amount of damages, it is clear from the face of the Petition that the $75,000 amount-in-controversy requirement is met.

## II.    TIMELINESS OF REMOVAL

25.    Plaintiff served Meta Platforms, Inc., Instagram LLC, and ByteDance Inc. with the Petition on July 24, 2023.  Plaintiff served Cox Communications Louisiana, LLC with the Petition on July 25, 2023, and served the remainder of the ISP Defendants with the Petition on July 26, 2023.  Plaintiff has not served TikTok Inc.

26.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

27.    "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

## III.    PROPRIETY OF VENUE

28.    Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

## IV.    OTHER REMOVAL ISSUES

29.    Under 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served must join or consent to removal.

30.    All Defendants have been served in this action and join in removal, as indicated by their counsel's signatures below.

31.    By filing this Notice of Removal, no Defendant waives any defense that may be available to them, and Defendants expressly reserve all such defenses, including those related to personal jurisdiction.  Defendants deny that Plaintiff is entitled to any relief.  Defendants do not concede and reserve the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against them under applicable law or that Plaintiff is entitled to any damages.

32.    If any question arises as to the propriety of removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

33.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff.

34.    Defendants reserve the right to amend or supplement this Notice.

**WHEREFORE**, Defendants remove this action from the Twenty-First Judicial District, No. 178860 C, to this Court.


August 23, 2023

By: _/s/ Robert W. Barton_

TAYLOR, PORTER, BROOKS & PHILLIPS, LLP

Robert W. Barton, Bar #22936
Savannah W. Smith, Bar #38435
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:    (225) 387-3221
Facsimile:     (225) 346-8049

Email: bob.barton@taylorporter.com
Email: savannah.smith@taylorporter.com

COVINGTON & BURLING LLP

Ashley M. Simonsen (*pro hac vice* forthcoming)
1999 Avenue Of The Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Email: asimonsen@cov.com

Isaac D. Chaput (*pro hac vice* forthcoming)
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-6000
Email: ichaput@cov.com

*Attorneys for Defendant Meta Platforms, Inc. and Instagram LLC*


By:   */s/ Martin E. Landrieu*

GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EGAN, LLC

Martin E. Landrieu (#18995)
Phillip J. Antis, Jr. (#29067)
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: 504.582.1111
Email: mlandrieu@gamb.com
Email: pantis@gamb.com

LATHAM & WATKINS LLP

Matthew A. Brill (*pro hac vice* forthcoming)
Andrew D. Prins (*pro hac vice* forthcoming)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Email: matthew.brill@lw.com
Email: andrew.prins@lw.com

*Attorneys for ISP Defendants*

By: _/s/ Kelly E. Brilleaux_____

IRWIN FRITCHIE URQUHART MOORE &
DANIELS LLC

Kelly E. Brilleaux (#33030)
Carlos A. Benach (#36797)
400 Poydras Street., Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Email: kbrilleaux@irwinllc.com
Email: cbenach@irwinllc.com

KING & SPALDING LLP

Geoffrey M. Drake (*pro hac vice* forthcoming)
David P. Mattern (*pro hac vice* forthcoming)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

FAEGRE DRINKER BIDDLE & REATH LLP

Andrea R. Pierson (*pro hac vice* forthcoming)
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: +1 317 237 0300
Facsimile: +1 317 237 1000
Email: andrea.pierson@faegredrinker.com

*Attorneys for TikTok Inc. and ByteDance Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was this day sent via electronic mail and/or U.S. Mail, to all counsel of record.

Baton Rouge, Louisiana, this _23rd_ day of August, 2023.

_____

**Robert W. Barton**