UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Livingston Parish School Board,<br><br>Plaintiff,<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, ByteDance, Inc., TikTok, Inc., Charter Communications, Inc., Charter Communications, LLC, Cox Communications, Inc., and Cox Communications Louisiana, LLC<br><br>Defendants. | CIVIL ACTION No. 23-cv-00807-BAJ-RLB<br><br>JUDGE: Brian A. Jackson<br><br>MAG. JUDGE: Richard L. Bourgeois, Jr. |

**ISP DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

NOW INTO COURT, through undersigned counsel, come Defendants Charter Communications, Inc., Charter Communications, LLC (together, "Charter"), Cox Communications, Inc., and Cox Communications Louisiana, LLC (together, "Cox" and, with Charter, the "ISP Defendants"), who respectfully submit this Motion to Dismiss all claims filed against them by Plaintiff, Livingston Parish School Board, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As further explained in the concurrently filed Memorandum in support of this Motion, both of the claims against the ISP Defendants—for Fault under Louisiana Civ. Code Art. 2315 (Count Four) and for Equitable Estoppel (Count Five)—are barred by Section 230 of the Communications Act of 1934 ("Section 230"), as amended by the Communications Decency Act of 1996 (the "CDA"), which categorically bars tort claims against

1

providers of "access to the Internet" based on allegedly harmful content created by third parties. 47 U.S.C. § 230(c)(1), (f)(2); *see also Doe v. Myspace, Inc.*, 528 F.3d 413, 418-19 (5th Cir. 2008). Moreover, Plaintiff's Equitable Estoppel (Count Five) claim fails for several additional reasons, including that (1) there is no cause of action for equitable estoppel under Louisiana law, *Lewis v. United States*, 483 F. Supp. 3d 382, 395 (M.D. La. 2018), and (2) the pleadings do not plausibly allege that the ISP Defendants made any "representations" about the safety of social media platforms on which Plaintiff could have relied to its detriment.

WHEREFORE, for the foregoing reasons and the reasons more fully set forth in the attached Memorandum in Support, the ISP Defendants respectfully pray that this Court grant this Motion to Dismiss, thereby dismissing Plaintiff's claims against the ISP Defendants in their entirety and with prejudice for failure to state a claim.

Respectfully submitted this ___1st___ day of __September__, 2023.

By: _/s/_ Martin E. Landrieu_____

Martin E. Landrieu (#18995)
Phillip J. Antis, Jr. (#29067)
GORDON, ARATA, MONTGOMERY, BARNETT,
MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone:  504.582.1111
Facsimile:  504.582.1121
Email: mlandrieu@gamb.com
Email: pantis@gamb.com

__/s/__ Matthew A. Brill_____
Matthew A. Brill (*pro hac vice* pending),
*Lead Attorney*
Andrew D. Prins (*pro hac vice* pending)
Kiley S. Boland (*pro hac vice* pending)

2

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200
Facsimile:  202.637.2201
Email: matthew.brill@lw.com
Email: andrew.prins@lw.com
Email: kiley.boland@lw.com

Luke A. Budiardjo (*pro hac vice* pending)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, N.Y. 10020
Telephone:  212.906.1200
Facsimile:  212.751.4864
Email: luke.budiardjo@lw.com

*Attorneys for ISP Defendants*

## NOTICE REGARDING CERTIFICATE OF SERVICE

Pursuant to Local Rule 5(e) as amended effective August 18, 2022, no certificate of service is required because this document was served by filing it with the court's electronic filing system and all parties are electronic filers and will receive notice through the court's electronic filing system.