UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIVINGSTON PARISH SCHOOL BOARD | ) | |
| | ) | |
| | ) | |
| VERSUS | ) | CASE NO: 3:23-CV-00807-BAJ-RLB |
| | ) | |
| | ) | |
| META PLATFORMS, INC., ET AL | ) | |
| | ) | |

**MOTION TO REMAND**

Plaintiff, the Livingston Parish School board, ("LPSB"), through undersigned counsel, moves this Court for an order remanding this civil action against Defendants, Meta Platforms, Inc. et al, in its entirety, to the 21st Judicial District Court of the State of Louisiana, where the action was originally filed, for the following cogent reasons:

1. The LPSB is an "arm of the State of Louisiana" and, thus, the LPSB, like the State itself: (a) is not subject to the jurisdiction of the courts of the United State as provided for by the 11th Amendment of the Constitution of the United States; and (b) "is not a 'citizen' for purposes of the diversity jurisdiction." *See Moor v. Alameda Cty.*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973).

2. The Fifth Circuit applies the following test to determine whether an entity such as the LPSB is an arm of the State:

    (1) Whether the state statutes and case law characterize the agency as an arm of the state;

    (2) The source of funds for the entity;

    (3) The degree of local autonomy the entity enjoys;

1

(4) Whether the entity is concerned primarily with local, as opposed to statewide, problems;

(5) Whether the entity has authority to sue and be sued in its own name; and

(6) Whether the entity has the right to use and hold property.

*See, e.g., Springboards to Education, Inc. v. McAllen Ind. Sch. Dist.*, 62 F.4th 174, 179 (5th Cir. 2023)(criticizing, though applying, *Clark* factors); *Terrebonne Par. Fire Dist. No. 7 v. Nat'l Union Fire Ins. Co. of Pitt.*, No. 22-3880, --- F. Supp. 3d ---, 2023 U.S. Dist. LEXIS 11560, at *3, (E.D. La. Jan. 24, 2023); *Bonin v. Sabine River Authority*, 65 F.4th 249 (5th Cir. 2023)(citing *Clark v. Tarrant County*, 798 F.2d 736, 744-45 (5th Cir. 1986)); *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 131 (5th Cir. 1986).

3. Per Plaintiff's petition, over 75% of Plaintiff's budget comes from the state of Louisiana. Plaintiff's curriculum and employees, are also subject to supervision and control by the Louisiana Department of Education. (Petition, Par. 16). Consequently, under the above test, and particularly Factor 2, which the Fifth Circuit has held "carries the most weight," *Springboards to Education, Inc. v. McAllen Ind. Sch. Dist.*, 62 F.4th 174, 179 (5th Cir. 2023), Plaintiff is entitled to a finding that as it is an arm of the state of Louisiana, that it is immune from removal jurisdiction, and that it is not a "citizen" of the State, rendering subject matter jurisdiction based on diversity wholly improper.

4. The LPSB does not have local autonomy when it comes to the critical areas of curriculum (witness the recent Louisiana legislative session addressing educational content), or goals (witness the recent BESE revisiting LEAP requirements for graduation). As demonstrated in the accompanying Memorandum in Support, board member and teacher qualifications are governed by statute and BESE regulations, in every area of curriculum content, teacher

qualifications the State statutorily and regulatory oversight strive for a unified state wide uniformity parish to parish. Again, the State's overarching control of local school boards and efforts to ensure uniformity statewide demonstrate that Factors 3 and 4, *supra,* favor a determination that the LPSB is an arm of the State.

5. *Clark, Springboards to Education,* and *Terrebone, supra,* recognize that of the factors are not given the same weight, nor is it required that each factor be met before an entity can be considered an alter ego, or arm, of the state. That Plaintiff can sue or be sued (Factor 5) and can hold and own property (Factor 6) "carr[y] little weight" (*Springboards to Education,* 62 F.4th at 182) and thus are of minor importance when weighed against the "marquee second factor" which considers the financial, statutory, and regulatory control exerted by the State. While La. Stat. Ann. Sec. 13:5102 refers to school boards as state political subdivisions, applying dispositive weight to this factor would elevate form over substance; there exists no explicit intent to waive immunity or subject these entities to federal jurisdiction. (Factor 1).

6. Given the foregoing and the arguments advanced in the accompanying Memorandum, Plaintiff respectfully requests remand.

                              Respectfully submitted,

                              */s/ D. Blayne Honeycutt*
Calvin C. Fayard, Jr. (La. Bar No. 05486)
D. Blayne Honeycutt (La. Bar No. 18264)
FAYARD & HONEYCUTT, APC
519 Florida Ave., SW
Denham Springs, LA 70726
Telephone: 225-664-4193
calvin@fayardlaw.com
dbhoneycutt@fayardlaw.com

and

3

Frank C. Dudenhefer, Jr. (La. Bar No. 05117)
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
fcdlaw@aol.com

## **CERTIFICATE**

This is to certify that a copy of the foregoing was served on this 6TH day of September, 2023, by electronic filing through the court's electronic filing system upon all counsel of record.

*/s/ D. Blayne Honeycutt*
D. Blayne Honeycutt