UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LIVINGSTON PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | |
| META PLATFORMS, INC., ET AL. | NO. 23-00807-BAJ-RLB |

## RULING AND ORDER

In this case, one of hundreds of similar actions initiated in jurisdictions across the country, Plaintiff Livingston Parish School Board (LPSB) seeks damages from the parent-companies of Facebook, Instagram, and Tik-Tok (collectively, the "Social Media Defendants"), alleging that these social media platforms are highly addictive to children, and deleterious to the learning environment that LPSB is required to provide for its students. (Doc. 1-1 at 6-74, *hereinafter* "Petition").

On July 18, 2023, LPSB initiated this action in the 21st Judicial District Court for the Parish of Livingston, Louisiana. On August 23, 2023, the Social Media Defendants removed LSPB's action to this District, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

Now, LPSB seeks a remand to state court, solely on the basis that it is an "arm of the State of Louisiana," and therefore immune from federal jurisdiction under the Eleventh Amendment. (Doc. 20). Remarkably, LPSB makes this argument blithely ignoring that it has been squarely rejected by the U.S. Court of Appeals for the Fifth Circuit, each of the three Louisiana U.S. District Courts, and Louisiana's state courts, too. *See Minton v. St. Bernard Par. Sch. Bd.*, 803 F.2d 129, 132 (5th Cir. 1986) ("In

view of the inherently local nature of the interests of Louisiana school boards, the wide degree of local autonomy they are granted under state law, and the predominately local source of their funding, it cannot be said either that these entities are mere arms of the state or that monetary judgments against them would represent indirect impositions on the state treasury interfering with the state's fiscal autonomy."); *Moore v. Tangipahoa Par. Sch. Bd.*, 594 F.2d 489, 494 (5th Cir. 1979) ("Both the Louisiana courts and federal district courts in Louisiana have consistently held that school boards are autonomous political subdivisions and not the alter ego of the state from the standpoint of sovereign immunity." (citing authorities)); *Miranda on behalf of M.M. v. Alexander*, No. 21-cv-535, 2022 WL 832576, at *8 (M.D. La. Feb. 24, 2022) (rejecting Ascension Parish Board of Education's claim to immunity: "[T]he Fifth Circuit has expressly held that a 'parish school board' is not an 'arm' of the State within the meaning of the Eleventh Amendment." (citing authorities)), *adopted*, 2022 WL 831430 (M.D. La. Mar. 18, 2022); *Beasley v. Sch. Dist. Bd of Educ. Iberia Par.*, No. 21-cv-03276, 2022 WL 807043, at *5 (W.D. La. Feb. 24, 2022) (rejecting Iberia Parish School Board's claim to immunity (citing authorities)), *adopted*, 2022 WL 806815 (W.D. La. Mar. 15, 2022); *Sch. Bd. of Par. of St. Charles v. Roxco, Ltd.*, No. 01-cv-0359, 2001 WL 283094, at *1 (E.D. La. Mar. 21, 2001) (rejecting St. Charles Parish School Board's claim to immunity); *Sch. Bd. of Par. of St. Charles v. Quala Sys., Inc.*, 159 F. Supp. 2d 295, 297 (E.D. La. 2001) (same). As noted in the Social Media Defendants' opposition to remand, LPSB barely even *mentions* these

authorities, and fails altogether to explain why they do not compel the same result here. (*See* Doc. 34 at 4-5).

"[T]his Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Buchicchio v. LeBlanc*, --- F.Supp.3d ----, 2023 WL 2027809, at *10 n.6 (M.D. La. Feb. 15, 2023) (Jackson, J.) (citing authorities). Absent any attempt to distinguish this overwhelming tide of authority,[1] and consistent with its own prior rulings, the Court determines that LPSB's claim to be an "arm of the State of Louisiana" is plainly foreclosed by Fifth Circuit precedent. *See Miranda*, 2022 WL 832576, at *8 (citing *Minton* and concluding without further analysis that the parish school board was not an arm of the state).

Accordingly,

**IT IS ORDERED** that LPSB's **Motion To Remand (Doc. 20)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 2nd day of November, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] LPSB was invited to file a reply to the Social Media Defendants' opposition to remand, despite this Court's general rule that reply briefs are limited to Rule 12 and Rule 56 motions. (*See* Doc. 25 at 1). The Court deems LPSB's failure to reply as a waiver, and a tacit admission that it lacks any basis to distinguish the 40-year line of authorities establishing that a parish school board is not entitled to Eleventh Amendment immunity. *See Buchicchio v. LeBlanc*, 2023 WL 2027809, at *10 n.6 (explaining that "a party's failure to adequately brief an issue acts as a waiver").

3